UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DWIGHT BANKS,

                              Plaintiff,

v.

WHAMBO! ENTERPRISES, LLC dba
BAGBY BEER COMPANY;
GALLEISKY PROPERTY
MANAGEMENT, LLC,

                              Defendants.

Case No.:  20-cv-1674-LAB (DEB)

**ORDER IMPOSING SANCTIONS
ON MICHAEL A. TAIBI, ESQ.**

## I.    INTRODUCTION

On April 19, 2021, the Magistrate Judge Daniel E. Butcher held a hearing on two Orders to Show Cause directed to Plaintiff Dwight Banks and three Orders to Show Cause directed to Plaintiff's attorney Michael A. Taibi. Dkt. Nos. 11, 16, 21, 28, 31. Prior to the hearing, Banks and Taibi submitted briefing, declarations, and evidence responding to the Orders. *See* Dkt. Nos. 12, 19, 26, 27.

Upon consideration of the information before the Court, the Court sanctions Taibi $500 for the conduct at issue in the December 7, 2020 Order to Show Cause. The Court also sanctions Taibi $1,000 for the conduct at issue in the December 22, 2020 Order to

Show Cause, reaffirms its referral of Taibi to the Standing Committee on Discipline, and expands the referral to include Taibi's representations to the Court. The Court does not impose sanctions in connection with the March 23, 2021 Order to Show Cause but reaffirms the March 23, 2021 referral to the Standing Committee on Discipline.

## II. PROCEDURAL BACKGROUND

### A. <u>Prior Orders to Show Cause and Sanctions Imposed Against Taibi and his Clients</u>

Prior to this case, judges in this District have issued Orders to Show Cause and imposed either monetary or terminating sanctions in at least six Americans with Disabilities Act ("ADA") cases filed by Taibi. These other Orders to Show Cause provide important background to the issues here.

In *Mason v. Ivanov*, No. 18-cv-946-JAH (BGS), District Judge John A. Houston issued two Orders to Show Cause. In the first Order to Show Cause, Judge Houston expressed concern over representations made in the in forma pauperis ("IFP") applications of Taibi's clients. *Id.*, Dkt. No. 11. Judge Houston noted "[m]ost IFP applications [submitted by Taibi's clients] have been granted, but when a Court has challenged the statements in an IFP application, or denied the application entirely, the filing fee is paid within days." *Id.* at 2. Taibi paid the $400 filing fee seven days after Judge Houston issued the Order to Show Cause. *Id.*, Dkt. No. 12. In the second Order to Show Cause, Judge Houston expressed "concerns relating to Plaintiff's involvement in this action . . . ." *Id.*, Dkt. No. 18 at 1. Judge Houston ultimately dismissed the case for failure to comply with the Court's orders. *Id.*, Dkt. No. 25.

In *Jackson v. Dang*, 18-cv-1380-CAB (WVG), District Judge Cathy Ann Bencivengo issued two Orders to Show Cause. The first arose out of Taibi's failure to timely serve the summons. *Id.*, Dkt. No. 8. The second questioned representations made in the IFP application of Taibi's client. *Id.*, Dkt. No. 9. Judge Bencivengo set the matter for a hearing and ordered Taibi's client to personally appear. *Id.*, Dkt. No. 18. Taibi then withdrew the IFP application and paid the $400 filing fee. Dkt. Nos. 19, 20. Judge

Bencivengo dismissed the case with prejudice after Taibi's client failed to appear at two Order to Show Cause hearings. *Id.*, Dkt. No. 24.

In *Gay v. Berumen*, No. 18-cv-2661-CAB (BLM), Judge Bencivengo issued an Order to Show Cause questioning representations in the IFP Application of Taibi's client. *Id.*, Dkt. No. 6. Taibi then withdrew his client's IFP application, paid the $400 filing fee, and filed an Ex Parte Motion to Vacate the Order to Show Cause Hearing. *Id.*, Dkt. Nos. 10, 11, 12. Judge Bencivengo denied the Ex Parte Motion and dismissed the case with prejudice after Taibi's client failed to appear at three Order to Show Cause hearings. *Id.*, Dkt. Nos. 13, 20.

In *Jackson v. Juanita's Taco Shop, Inc.*, No. 18-cv-2679-H (LL), Magistrate Judge Linda Lopez issued an Order to Show Cause and sanctioned Taibi $200 because, among other things, he failed to meet and confer and ignored defense counsel's efforts to schedule the meet and confer. *Id.*, Dkt. No. 19 at 3. Judge Lopez issued a second Order to Show Cause (after Taibi's client did not appear at the Early Neutral Evaluation Conference ("ENE")) and a third (after the parties still had not met and conferred) but imposed no additional sanctions. *Id.*, Dkt. Nos. 31, 32, 36.

In *Gay v. Mariscos El Pulpo II, Inc.*, No. 19-cv-0256-WQH (KSC), Magistrate Judge Karen S. Crawford issued two Orders to Show Cause and sanctioned Taibi $683 ($483 to defense counsel and $200 to the Court) because he failed to timely appear at an ENE and failed to appear at all for the subsequent Order to Show Cause hearing. *Id.*, Dkt. No. 29. Judge Crawford also found Taibi misrepresented facts in responding to her Order to Show Cause. *Id.* at 3 n.1.

In *Mason v. Tic Bayside Inn, LLC*, No. 19-cv-0392-W (LL), Judge Lopez issued two Orders to Show Cause directed to Taibi. The first arose out of Taibi's failure to comply with Judge Lopez's ENE Order. *Id.*, Dkt. No. 10. Judge Lopez declined to impose sanctions at that time. *Id.*, Dkt. No. 13. Ten days later, however, Judge Lopez issued a second Order to Show Cause after Taibi's client did not appear at the ENE. *Id.*, Dkt. No. 17. Judge Lopez sanctioned both Taibi and his client $500 and stated that "[a]lthough the Parties represent

they have settled the case, the Court continues to have concerns relating to Plaintiff's involvement in this case." *Id.*, Dkt. No. 21 at 3 (taking judicial notice of *Mason v. Ivanov, supra*).

## B. The Three Orders to Show Cause Issued in this Case

On August 27, 2020, Taibi filed this case on behalf of Banks. Dkt. No. 1. The Complaint alleges certain aspects of Defendant Whambo! Enterprises LLC's restaurant in Oceanside, California failed to comply with the ADA. *Id.*

On September 23, 2020, Defendants answered the Complaint (Dkt. No. 4), and the Court issued a Notice and Order Setting Early Neutral Evaluation Conference for November 12, 2020 (Dkt. No. 5, the "ENE Order").

The Court's three Orders to Show Cause arise out of Banks and Taibi's failures to comply with the Court's ENE Order and subsequent orders relating to rescheduled ENEs.

### 1. Taibi's Failure to Meet and Confer (December 7, 2020 Order to Show Cause)

The Court's ENE Order directed the parties to meet and confer prior to the ENE as follows:

> No later than **October 22, 2020**, counsel for the parties must meet and confer in person at the subject premises regarding settlement of the alleged ADA violations and Plaintiff's demand for damages, costs, and attorneys' fees. Counsel must attend this meeting in person and with authority to negotiate a settlement at this meeting.

*Id.* at 4. The ENE Order provided instructions for the parties to follow if they could not safely meet and confer in person because of COVID-19:

> If counsel are unable to safely meet and confer in person due to circumstances relating to the COVID-19 public emergency, counsel must jointly call Chambers prior to this deadline to explain the reason(s) they cannot meet at the subject premises and how they propose to accomplish the objectives of the in-person requirement by videoconference or other means.

*Id.* at 4 n.5.

On November 9, 2020, after learning counsel had not complied with the ENE Order's meet and confer requirement and that Banks was unavailable on November 12, 2020, the Court reset both the meet and confer deadline and the ENE date. Dkt. No. 7 at 1–2. Counsel, however, did not meet and confer at the premises by the new deadline. Defense counsel represented that he emailed Taibi three times (on November 10, 13, and 19, 2020) to schedule the meet and confer, but Taibi did not respond to any of the emails. Dkt. No. 9 at 4.

On December 7, 2020, after learning about Taibi's failure to cooperate in scheduling a meet and confer at the subject premises, the Court issued an Order to Show Cause directing Taibi to "SHOW CAUSE why sanctions should not be imposed against him for failing to timely participate in the on-site meeting . . . ." Dkt. No. 11 at 2. The Court also granted Plaintiff's ex parte application to continue the ENE and reset it for December 18, 2020. Dkt. No. 10.

On December 15, 2020, Taibi filed a Supplemental Brief Regarding Meet and Confer Sanctions responding to the December 7, 2020 Order to Show Cause. Dkt. No. 12. Taibi explained the meet and confer did not take place because COVID-19 made it unsafe to do so. *Id.* at 3–4. Taibi also stated he conferred with defense counsel on December 4, 2020 and met in person at the premises at issue on December 14, 2020. *Id.* at 2–4.

## 2. Banks' Failures to Attend the ENE Conferences (December 22, 2020 and March 23, 2021 Orders to Show Cause)

The ENE Order required the parties to attend and participate in the ENE. Dkt. No. 5 at 2. The Court twice continued the November 12, 2020 ENE (once over Defendants' objection) based on Taibi's representation that Banks was recovering from a physical attack and could not participate. Dkt. No. 7 (continuing ENE from November 12, 2020 to December 8, 2020), Dkt. No. 10 (continuing ENE from December 8, 2020 to December 18, 2020). Less than seventeen hours before the December 18, 2020 ENE, Taibi filed an

"Ex Parte Application and Order Requesting to Continue Early Neutral Evaluation Conference Scheduled for December 18, 2020," asserting Banks was

> admitted [to] Palomar Hospital on or about November 4, 2020 upon being transferred from Villa Rancho Bernardo Rehabilitation Center … due to an injury that he received while in the care of Villa Rancho Bernardo Rehab Center. The injury was a severe blow to the head. He is still under the care for the injury and unable to attend….

Dkt. No. 13 at 2. The Court denied the Ex Parte Motion (Dkt. No. 14) and proceeded with the ENE (Dkt. No. 15). Taibi attended and participated in the ENE, but Banks did not. Dkt. No. 16 at 2. At the conclusion of the ENE, the Court reset the ENE to February 2, 2021, and continued the hearing on the December 7, 2020 Order to Show Cause to that same date. Dkt. No. 15.

On December 22, 2020, the Court issued an Order to Show Cause directing Banks and Taibi to "SHOW CAUSE why sanctions should not be imposed for Plaintiff's failure to participate in the [December 18, 2020] ENE Conference." Dkt. No. 16 at 2. The Court set the matter for a hearing on February 2, 2021, following the continued ENE Conference on that same date. *Id.* Taibi filed a responsive declaration explaining:

> On February 19, 2021, Plaintiff's counsel received a complete copy of the Plaintiff's medical records during his stay at [Villa Rancho Bernardo Rehabilitation Center] that began on October 15, 2020 until his conditional release on January 22, 2021. Plaintiff is still under a physician's care and requires continuous rehabilitative therapy regularly as well as medication. Plaintiff's counsel has approximately 200-pages of additional documentation available to the Court upon request regarding the daily status and condition of the Plaintiff during his stay at [Villa Rancho Bernardo Rehabilitation Center].

Dkt. No. 19 at 4. Taibi also lodged a second declaration and eight pages of Banks' medical records.[1]

---

[1] The lodged declaration and medical records are attached as Exhibit 1 to this Order. Because of the sensitive nature of these records, the Court directs the Clerk's Office to file Exhibit 1 under seal.

At Taibi's request, the Court reset the February 2, 2020 ENE to February 26, 2021. Dkt. No. 20. Taibi appeared at the February 26, 2021 ENE, but Banks did not. *Id.* Taibi represented he did not know Banks' whereabouts or why he did not appear. The ENE proceeded without Banks, and Taibi committed to a resolution in which he agreed to dismiss Banks' case in exchange for a mutual waiver of costs and fees. Dkt. No. 20. Pursuant to this agreement, the parties filed a Joint Motion to Dismiss on March 23, 2021. Dkt. No. 23.

On March 23, 2021, the Court issued an Order: (1) continuing the hearings on the December 7 and 22, 2021 Orders to Show Cause; (2) ordering Banks to show cause why the Court should not impose sanctions for his failure to appear at the February 26, 2021 ENE; and (3) referring Taibi to the Standing Committee on Discipline to investigate the conduct described in the Order, including Taibi's filing of three additional cases on Banks' behalf while Taibi and Banks were not in communication because of Banks' alleged head injury. Dkt. No. 21. On April 7, 2021, Taibi and Banks each filed a Declaration responding to the March 23, 2021 Order to Show Cause. Dkt Nos. 26 and 27.

### 3. <u>The April 19, 2021 Hearing on the Orders to Show Cause</u>

On April 19, 2021, Magistrate Judge Butcher held a telephonic hearing on the three pending Orders to Show Cause. Taibi, Banks, and Mary Allain (counsel for Defendants) appeared. Dkt. No. 28; *see also* Dkt. No. 31 (Transcript).

Regarding the December 7, 2020 Order to Show Cause (concerning Taibi's failure to meet and confer at the premises), Taibi cited COVID-19 concerns as "the driving force behind not actually getting together on site." Dkt. No. 31 at 5. Taibi denied that the Court's ENE Order required counsel to contact chambers if they were unable to safely meet and confer because of the COVID-19 pandemic. *Id.* at 6; *but see* Dkt. 5 at 4 n.5 ("If counsel are unable to safely meet and confer in person due to . . . the COVID-19 public emergency,

counsel must jointly call Chambers prior to this deadline to explain the reason(s) they cannot meet and confer at the subject premises and how they propose to accomplish the objectives of the in-person requirement . . . .").

Regarding the December 22, 2020 Order to Show Cause (concerning Banks' failure to appear at the December 18, 2020 ENE), Banks reported he was recovering from a head injury at a rehabilitation facility. Dkt. No. 31 at 7–10. Banks said he "gave [Taibi] full authority to do what he can to win the case or dismiss the case." *Id.* at 10. Taibi agreed Banks had "given me authority to file complaints for him; that he's brought claims to me; he's given me the authority to settle cases as well, if it's possible." *Id.* at 11. Taibi and Banks stated they had no direct contact while Banks was at the rehabilitation facility (from October 2020 to January 22, 2021) but communicated through third parties and a courier.[2] *Id.* at 10–15. When asked whether he could have participated in the December 18, 2020 ENE by phone, Banks responded he "was under strict care" and "[w]as constantly on medication" that made him sleepy. *Id.* at 15–16.

Regarding the March 23, 2021 Order to Show Cause (concerning Banks' failure to appear at the February 26, 2021 ENE), Taibi explained he sent Banks a notice of that hearing through a courier. *Id.* at 17–18. Banks agreed he received notice but "didn't recognize the date" because his "mind was in and out." *Id.* at 17.

---

[2] At the April 19, 2021 hearing, Taibi represented that while Banks was a patient at Villa Rancho Bernardo Rehabilitation Center, they communicated through other persons and Altares-Carter, a courier service. Dkt. No. 31 at 18. A search of the California Secretary of State's database reflects, however, that Altares-Carter, LLC was suspended on March 18, 2019. *See Business Search*, CAL. SEC. OF STATE, https://businesssearch.sos.ca.gov/ (fill out fields to conduct a business search for "Altares-Carter, LLC") (last visited June 4, 2021).

Following the April 19, 2021 hearing, and in response to the Court's Order (Dkt. No. 30), Taibi lodged Banks' Villa Rancho Bernardo Rehabilitation Center medical records.[3]

## III. DISCUSSION

The Court may sanction a party or its attorney if the party "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate . . . in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). When Rule 16(f)(1) is triggered, the Court has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993) (affirming imposition of monetary sanction under Rule 16(f) for party's failure to comply with order to appear for settlement conference). Additionally, the Local Rules of this Court state "[s]anctions may be appropriate for an unexcused failure to attend [an ENE conference]." CivLR 16.1(c)(1)(c).

### A. <u>December 7, 2020 Order to Show Cause</u>

The Court sanctions Taibi $500 for the conduct at issue in the December 7, 2020 Order to Show Cause (i.e., Taibi's violation of the Court's September 23, 2020 Order [Setting ENE] by failing to meet and confer with defense counsel at the subject premises by the deadline set by the Court).[4] Although Taibi claims this failure was attributable to

---

[3] Banks' Villa Rancho Bernardo Rehabilitation Center medical records are attached as Exhibit 2 to this Order. Because of the sensitive nature of these records, the Court directs the Clerk's Office to file Exhibit 2 under seal.

[4] The Court understands the parties agreed to a mutual waiver of fees in costs in connection with the dismissal of this case. Dkt. No. 27 at 6. The Court, however, is imposing a punitive sanction to vindicate the Court's authority, not a sanction to compensate Defendants for incurred fees or costs. *See HM Elecs., Inc. v. R.F. Techs., Inc.*, 171 F. Supp. 3d 1020, 1027 (S.D. Cal. 2016) ("[I]f the sanction primarily aims to vindicate the authority of the court by punishing the offending party, the sanction is punitive"; reversing award of compensatory sanctions awarded to party that bargained away its right to recoup attorney's fees and costs).

the COVID-19 pandemic, the Court's Order gave the parties specific instructions for that contingency:

> If counsel are unable to safely meet and confer in person due to circumstances relating to the COVID-19 public emergency, counsel must jointly call Chambers prior to this deadline to explain the reason(s) they cannot meet at the subject premises and how they propose to accomplish the objectives of the in-person requirement by videoconference or other means.

Dkt. No. 5 at 4 n.5. That did not happen. Instead, the Court reset the meet and confer deadline, allowing counsel a second chance to comply with the Court's Order. Dkt. No. 7. Thereafter, Taibi did not respond to three emails from defense counsel seeking to schedule the meet and confer. Dkt. No. 9 at 4.[5] Although Taibi ultimately participated in an on-site meet and confer, he did not do so until December 14, 2020, after the Court issued the December 7, 2020 Order to Show Cause. Dkt. No. 12 at 2–4.

The Court finds Taibi's failure to meet and confer as ordered is the product of his failure to read and comply with the Court's ENE Order. At the April 19, 2021 hearing on the Orders to Show Cause, Taibi denied (incorrectly) that the Court's ENE Order provided instructions for the parties to follow if the COVID-19 pandemic prevented an on-site meet and confer. Dkt. No. 31 at 6. Also, defense counsel sent Taibi three emails over a nine-day period seeking to timely schedule the meet and confer required by the Court's ENE Order. Dkt. No. 9 at 4. Taibi did not respond to any of these emails. *Id.* Taibi's failure to comply with the Court's ENE Order warrants sanctions.

Taibi has a history of not complying with court orders. *See Jackson v. Juanita's Taco Shop, Inc.*, No. 18-cv-2679-H (LL), Dkt. No. 19 at 3 (sanctioning Taibi $200 because, among other things, he failed to meet and confer and ignored defense counsel's efforts to

---

[5] Although Taibi claimed that he recalls trying to contact defense counsel and sent responsive emails, he has not "brought any of those emails to the Court, unfortunately." Dkt. No. 31 at 4. Because of the equivocal nature of Taibi's statement and his failure to submit the responsive emails, the Court credits the declaration of defense counsel representing that Taibi did not respond. Dkt. No. 9 at 4.

schedule the meet and confer), Dkt. Nos. 31, 32 (issuing two additional Orders to Show Cause after Taibi's client did not appear at the ENE and after the parties still had not met and conferred); *Gay v. Mariscos El Pulpo II, Inc.*, No. 19-cv-0256-WQH (KSC), Dkt. No. 29 (sanctioning Taibi $683 ($483 to defense counsel and $200 to the Court) because he failed to timely appear at an ENE and failed to appear at all for the subsequent Order to Show Cause hearing); *Mason v. Tic Bayside Inn, LLC*, No. 19-cv-0392-W (LL), Dkt. Nos. 10, 17 (two Orders to Show Cause directed to Taibi for his failure to comply with the ENE Order and his client's failure to appear at the ENE). Taibi failed to take heed of prior warnings and sanctions. The Court, therefore, sanctions Taibi $500 for his violations of the ENE Order in this case. *See, e.g.*, *Wilson v. KRD Trucking W.*, No. 10-cv-00163-KJD-NJK, 2013 WL 836995, at *4 (D. Nev. Mar. 6, 2013) ("In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.").

## B. December 22, 2020 Order to Show Cause

The Court sanctions Taibi $1000 in connection with the December 22, 2020 Order to Show Cause. This Order to Show Cause arose out of Banks' failure to appear at the December 18, 2020 ENE. Dkt. No. 16. Taibi represented that Banks was unavailable to participate in this ENE because he was recovering from head trauma suffered in a severe physical attack on November 4, 2020 while residing at Villa Rancho Bernardo Rehabilitation Center. *See* Dkt. No. 13 at 2 (describing Banks' November 4, 2020 admission at Palomar Hospital following "severe blow to the head" at Villa Rancho Bernardo Rehabilitation Center); Dkt. No. 31 at 8 (representing Banks was in "critical condition" at Palomar Hospital due to "head trauma" after "he was hit over the head" during an attack); and *id.* at 10 (explaining "Mr. Banks' memory is a bit sketchy from the . . . attack."). Banks' medical records do not substantiate this claim. Ex. 1, Ex. 2. A sanction is appropriate because Taibi's statements are inaccurate, he has a history of his clients

failing to appear for ENEs, and he has not offered an adequate reason for Banks not appearing at the December 18, 2020 ENE.

The Court further finds Taibi misrepresented Banks' medical condition to excuse Banks from the ENEs. Beginning with his telephone call to Chambers on November 9, 2020, Taibi made numerous representations to the Court that Banks was attacked and suffered a critical head injury. *See, e.g.*, Dkt. Nos. 8, 9 at 4, 12, 13, 31. While his earlier representations (made prior to Banks' January 22, 2021 discharge from Villa Rancho Bernardo Rehabilitation Center where he had no direct communication with Taibi) could conceivably be attributed to a misunderstanding, Taibi did not correct his statements after he obtained Banks' Villa Rancho Bernardo Rehabilitation Center medical records on February 19, 2021. *See* Dkt. No. 19 (February 24, 2021 Taibi Decl. discussing his efforts to continue the ENE due to Plaintiff's medical condition and his February 19, 2021 receipt of the complete copy of Banks' Villa Rancho Bernardo Rehabilitation Center medical records, but not correcting his earlier representations that Banks suffered a serious head injury in an attack), Dkt. No. 27 (April 27, 2021 Taibi Decl. with similar representations but not correcting his earlier statements regarding Banks' medical condition). To the contrary, Taibi continued to claim Banks sustained critical head trauma in an attack well after he knew, or should have known, the medical records do not corroborate this claim. *Compare* Dkt. No. 19 at 4 ("On February 19, 2021, Plaintiff's counsel received a complete copy of the Plaintiff's medical records during his stay at [Villa Rancho Bernardo Rehabilitation Center] . . . ."), *with* Dkt. No. 31 at 8 (Taibi's statements during the April 19, 2021 OSC hearing that Banks was in "critical condition" at Palomar Hospital due to "head trauma" because "he was hit over the head"), *and* Dkt. No. 31 at 10 (explaining "Mr. Banks' memory is a bit sketchy from the . . . attack.").

Judges in this district have previously found Taibi's representations to the Court to be not credible and also expressed concerns regarding the accuracy of representations made in IFP applications by Taibi's clients. *See, e.g.*, *Gay v. Mariscos El Pulpo II, Inc.*, No. 19-cv-0256-WQH (KSC), Dkt. No. 29 at 3 n.1. (finding "Taibi's in-court representation …

[was] clearly false"); *Reyes v. A&J Gaslamp, LLC*, No. 18-cv-2695-CAB (NLS), 2018 WL 6326374 at \*2 (Dec. 4, 2018, S.D. Cal.) (After taking note of eight other ADA cases filed by Taibi and Plaintiff Reyes, "the Court finds that the representations contained in Reyes IFP application are not credible. That Plaintiff has only \$100 in monthly income from settlements despite having filed eight cases in this court and scores more in state court over the past five years is simply implausible, particularly considering that all of the federal cases, and presumably all of the state cases, seek statutory damages of at least \$4,000 plus attorney's fees."); *Mason v. Ivanov*, No. 18-cv-946-JAH (BGS), Dkt. Nos. 11, 18 (expressing concern over representations in IFP applications); *Jackson v. Dang*, 18-cv-1380-CAB (WVG), Dkt. No. 9 (same); *Gay v. Berumen*, No. 18-cv-2661-CAB (BLM), Dkt. No. 6 (same); *Mason v. Tic Bayside Inn, LLC*, No. 19-cv-0392-W (LL), Dkt. No. 21 at 3 (expressing concerns relating to Plaintiff's involvement after counsel reported the parties reached a settlement and taking judicial notice of *Mason v. Ivanov, supra*).

The Court's credibility finding here, combined with Taibi's history of making questionable or untruthful statements to the Court and his history of failing to comply with orders, including Judge Lopez and Judge Crawford's orders requiring his clients attend ENEs, warrant a \$1000 sanction. Additionally, because Taibi has a history of misrepresenting facts and making questionable representations that extends beyond this case, the Court expands its referral to the Standing Committee on Discipline to include this conduct.

The Court does not impose sanctions on Banks for failing to appear at the December 18, 2020 ENE. The record suggests a possibility that Banks may not have received notice of the December 18, 2020 ENE conference because he and Taibi were not in direct contact at the time. Dkt. No. 31 at 10–15. The Court, therefore, cannot find Banks had notice of the December 18, 2020 ENE and failed to appear.

### C. **March 23, 2021 Order to Show Cause**

Although Banks was no longer receiving in-patient treatment on February 26, 2021, the Court will not impose sanctions for his failure to appear at the February 26, 2021 ENE.

Banks explained he was confused about the date and apologized to the Court for his mistake. Dkt. No. 26.

The Court also finds no basis to sanction Taibi for Banks' failure to appear at the February 26, 2021 ENE. Taibi stated at the ENE he did not know Banks' whereabouts. The record also reflects Taibi notified Banks about the ENE and expected him to attend. Dkt. No. 26 at 4, 27 at 6–7. Sanctions are unwarranted under these circumstances.

The Court's March 23, 2021 Order to Show Cause cites four new cases Taibi filed on Banks' behalf during the same timeframe at issue here, when Banks was allegedly unavailable to participate in Court proceedings and when Banks and Taibi had no direct communication. These four cases are pending before other judges and the undersigned are not inclined to delve into the circumstances of their filing. The Standing Committee on Discipline is better equipped to investigate these broader issues and the Court believes it appropriate for it to do so. The Court, therefore, reaffirms its referral to the Standing Committee on Discipline.

## IV. CONCLUSION

The three Orders to Show Cause issued in this case are not an aberration. Instead, they are the latest in a troubling pattern of Taibi's failures to comply with court orders, his clients' failures to attend hearings as ordered, and his failure to ensure representations to the Court are truthful. Other judges of this Court have cautioned, sanctioned, and even dismissed cases brought by Taibi for conduct like that at issue here. Unfortunately, all were ineffective in preventing a recurrence.

The undersigned are concerned about Taibi's representations in this case and others. Because the Court's concern extends beyond this case, the Court expands its referral to the Standing Committee on Discipline to include this conduct.

The undersigned also share Judge Houston and Judge Lopez's concerns about the involvement of Taibi's clients in the cases brought in their names. The sanctions imposed here, however, redress only the conduct that occurred in this case. The Court defers to the

Standing Committee on Discipline to investigate the larger issues involving Taibi's clients' involvement in the cases he has brought under their names.

Based on the foregoing, the Court:

1. Sanctions Taibi $500 in connection with the December 7, 2020 Order to Show Cause;

2. Sanctions Taibi $1,000 in connection with the December 22, 2020 Orders to Show Cause and expands the referral to the Standing Committee on Discipline to include Taibi's representations to the Court;

3. Does not impose monetary sanctions in connection with the March 23, 2021 Order to Show Cause, but reaffirms the referral to the Standing Committee on Discipline; and

4. Pursuant to Cal. Bus. & Prof. Code §6068(o)(3), orders Taibi to report the sanctions imposed by this Order to the California State Bar no later than **July 6, 2021**.

Taibi must pay the $1,500 in sanctions imposed in paragraphs one and two above to Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, Fund of the United States Treasury on or before **June 18, 2021**.

**IT IS SO ORDERED.**

Dated: June 4, 2021

_Larry A. Burns_
Honorable Larry Alan Burns
United States District Judge

Dated: June 4, 2021

_Daniel E. Butcher_
Honorable Daniel E. Butcher
United States Magistrate Judge