UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT BANKS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WHAMBO! ENTERPRISES LLC, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-1674-LAB-DEB<br><br>**REPORT & RECOMMENDATION ON ORDER TO SHOW CAUSE**<br><br>**[DKT. NO. 45]** |

This Report and Recommendation follows a hearing on an Order to Show Cause issued by the Honorable Larry Alan Burns to Plaintiff's Counsel Michael A. Taibi. Dkt. No. 45. For the reasons discussed below, the undersigned recommends sanctioning Taibi $500 under Federal Rule of Civil Procedure 11 for misrepresenting facts in his written motions and submissions to the Court, and sanctioning Taibi $500 under Federal Rule of Civil Procedure 16 for failing to produce Plaintiff Banks at the December 18, 2022 Early Neutral Evaluation ("ENE") conference.

**I.　　PROCEDURAL BACKGROUND**

　　A.　*Prior Proceedings*

This Court previously sanctioned Taibi: (1) $500 for violating its Order to meet and confer before an ENE first set for November 12, 2020, reset to December 8, 2020, and reset

again to December 18, 2020; and (2) $1,000 for failing to produce his client at the ENEs. Dkt. No. 32.

The Ninth Circuit affirmed the $500 sanction but vacated the $1,000 sanction because it "focused heavily on Taibi's alleged misstatements made to explain Banks's nonappearance." *Banks v. Whamboo! Enters., LLC*, No. 21-56222, 2022 WL 16918023, at *1 (9th Cir. Nov. 14, 2022). The Ninth Circuit remanded the $1,000 sanction with instructions "either to (1) explain why Banks being in a rehabilitation facility does not excuse Taibi's failure to produce him; or (2) provide Taibi with notice and an opportunity to be heard on whether sanctions should be imposed for the alleged misrepresentations." *Id.* The Ninth Circuit further instructed this Court to "indicate under what authority it is proceeding. Rule 16(f) does not authorize sanctions for lack of candor, but Rule 11, for example, would." *Id.* at *2.

B.     *Proceedings on Remand*

On remand, Judge Burns issued an Order to Show Cause ("OSC") why sanctions should not be imposed under Federal Rule of Civil Procedure 11 for:

> [Taibi's] apparent lack of candor regarding Banks's medical condition and hospitalization. More specifically, Taibi must show cause why Rule 11 sanctions shouldn't be [imposed] based on the following apparently false statements/representations:
>
> • "Plaintiff was admitted Palomar Hospital [sic][1] on or about November 4, 2020 . . . due to an injury that he received while in the care of Villa Rancho Bernardo Rehab Ceter [sic]. The injury was a severe blow to the head. He is still under care for the injury and unable to attend the afore-referenced [sic] ENE" (Dkt. 8 ¶ 3).

---

[1] The noted errors are contained in Taibi's submissions.

- • "Plaintiff's counsel, Michael A. Taibi, received information on November 9, 202[0] that Plaintiff, . . . had been hospitalized to due [sic] a head injury from an attack that he suffered." (Dkt. 12 at 2).[2]

- • "Plaintiff was admitted Palomar Hospital [sic] on or about November 4, 2020 . . . due to an injury that he received while in the care of Villa Rancho Bernardo Rehab Center. The injury was a severe blow to the head. He is still under care for the injury and unable to attend the afore-referenced [sic] ENE." (Dkt. 13 ¶ 3).

- • "On December 3, 2020, Plaintiff's counsel received information indicating that the Plaintiff was still hospitalized and would not be able to attend the ENE scheduled for December 8, 2020 at 11:30 p.m." (Dkt. 19 ¶ 6).

- • "So – so, basically, Mr. Banks – the head trauma, he was hit over the head. He was attacked. And he – he basically was in critical condition, and then he was moved to a rehabilitation center after he was able to leave the hospital." (OSC Hr'g Tr. 8:4–8).

- • "I think – if I may – if I may, I believe that he was in Palomar for a short period of time, and then he was moved over to the rehabilitation center; if my memory serves me correctly. They moved him over to the one facility. He went to the one hospital first, emergency. And then he was moved to the other facility fairly shortly after he arrived." (*Id.* 9:11–17).

- • Representing that Banks was spent [sic] a short time at Palomar Hospital before being moved to the Rehabilitation Center on October 15, 2020. (*Id.* 9:18–10:7).

- • "Unfortunately, Mr. Banks' memory is a bit sketchy from the – from the attack. Unfortunately." (*Id.* 10:9–10).

Dkt. No. 45 at 3–4.

Judge Burns also ordered Taibi to show cause why "sanctions shouldn't be imposed under Federal Rule of Civil Procedure 16(f) for his failure to produce Banks at the December 18 ENE via telephone or video conference." *Id.* at 4.

---

[2] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

Judge Burns ordered Taibi to "file and serve a declaration under penalty of perjury and any argument or authorities on or before February 13, 2023, explaining why sanctions shouldn't be imposed under Rule 11 for his apparent lack of candor or under Rule 16(f) for his failure to produce Banks at the December 18 ENE." *Id.* at 4–5. Judge Burns set the matter for a March 3, 2023 hearing before the undersigned. Dkt. No. 46.

### 1. Declarations in Response to the Order to Show Cause

Taibi filed his Declaration on February 13, 2023. Dkt. No. 48. Taibi also submitted a Declaration from his ADA compliance expert, William Carter. Dkt. No. 49. Taibi's Declaration, however, was not signed under penalty of perjury as required by federal law. *See* 28 U.S.C. § 1746 (declaration requirements). Carter's Declaration didn't contain a proper jurat either. The Court pointed out these omissions at the March 3, 2023 hearing. Dkt. No. 54 at 4. Taibi subsequently refiled the Declarations. Dkt. Nos. 50, 52.

Taibi's Declaration denied any "'lack of candor' on [his] part." Dkt. No. 52 ¶ 4. Taibi explained he "represented to the Court what [he] had been told at the time," by undisclosed "third parties[.]" *Id.* Namely, that "Mr. Banks had been attacked and had suffered an injury to the head for which he sustained head trauma and for which he had been hospitalized." *Id.*

Taibi declared he "[did] not recall ever telling the Court that Mr. Banks was injured while he was in the rehabilitation facility," but he "noticed" for the first time when preparing his Declaration that his ex parte motion to continue the ENE "suggested that the injury occurred at the rehabilitation facility." *Id.* Taibi characterized this as "an inadvertent typo." *Id.*

Taibi declared his prior statements and Declarations "suggested that Mr. Banks suffered head trauma for which he was hospitalized and then was admitted into a rehabilitation center for care." *Id.* Taibi stated, "I had no reason to disbelieve my client in what I was told" about this sequence of events and "apologize if it can be suggested that I misunderstood the medical records received, or if I did in fact misunderstand the contents of the records as they relate to the actual diagnosis and/or cause of Mr. Banks'

medical/neurological issues for which he was hospitalized and thereafter transferred to a rehabilitation facility." *Id.*

Carter's Declaration stated he is an ADA compliance expert who "worked closely with Mr. Taibi and with Mr. Banks for the underlying case," and "kept in contact with Mr. Taibi and with Mr. Banks throughout the pendency of the case." Dkt. No. 50 ¶ 5. Carter declared that Taibi asked him for assistance in contacting Banks before the November 2020 ENE, but he (Carter) could not reach Banks. *Id.* ¶ 6. Carter explained he contacted Banks's mother, who informed him Banks "had been attacked and hit over the head and had suffered head trauma and was in critical condition in Palomar Hospital." *Id.* Carter said he "relayed this information to Mr. Taibi." *Id.* Carter further declared that "[s]hortly after the time of the ENE, I was able to speak with Mr. Banks briefly who confirmed what his mother had told me, that he had been struck over the head and had suffered trauma, was hospitalized, and that he was not able to participate in an ENE. He stated to me that he had been robbed, hit in the head and knocked unconscious." *Id.* ¶ 7.

### 2. The March 3, 2023 Hearing

At the March 3, 2023 hearing, Taibi's attorney confirmed no documentation supported Taibi's representations that Banks was attacked and hit over the head. Dkt. No. 54 at 5.

Regarding Taibi's December 3, 2020 and December 17, 2020 Ex Parte Applications to Continue the ENEs (wherein he represented that Banks "was admitted Palomar Hospital [sic] on or about November 4, 2020 . . . due to an injury that he received while in the care of Villa Rancho Bernardo Rehab Center," Dkt. Nos. 8 at 2, 13 at 2), Taibi admitted those statements were inaccurate, and he knew they were inaccurate when he made them. Dkt. No. 54 at 11 (3/3/2023 OSC Hr'g Tr.). Taibi characterized these statements as typographical errors that resulted when he submitted a draft to the Court, rather than a final version. *Id.* at 11–13, 22.

Taibi offered two other explanations for statements about Banks's condition in his February 24, 2021 Declaration (i.e., "On December 3, 2020, Plaintiff's counsel received

information indicating that the Plaintiff was still hospitalized and would not be able to attend the ENE scheduled for December 8, 2020 at 1:30 p.m.," Dkt. No. 19 at 2). First, Taibi explained he did not know whether Banks was in an "actual hospital or if he was in a nursing care facility," but the distinction was immaterial because an individual residing in a nursing facility could be regarded as "hospitalized." Dkt. No. 54 at 6–8 (3/3/2023 OSC Hr'g Tr.). Second, Taibi stated, "I was told by a third party [that Banks] was still hospitalized." *Id.* at 14.

## II. LEGAL STANDARDS

### A. *Rule 11*

Rule 11(b) states:

> **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that the motion or paper] is not being presented for any improper purpose . . . [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1), (3).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Rule 11 sanctions are appropriate when a pleading, written motion, or other paper is "frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830–31 (9th Cir. 1986), *abrogated on other grounds by Cooter v. & Gell v. Hartmarx Corp.*, 110 S. Ct. 2447 (1990). Rule 11 imposes a duty of "reasonable inquiry" to ensure filings are "well grounded in fact . . . ." *Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam); *see also Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers,*

*Warehousemen & Helpers*, 124 F.3d 999, 1017 n.24 (9th Cir. 1997) (emphasizing that Rule 11 imposes a duty on counsel to make further inquiries where necessary to ensure their pleadings are well-grounded in fact); *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (Rule 11 sanctions are appropriate for filings "made without a reasonable and competent inquiry").

Factors to consider in determining whether counsel conducted a reasonable inquiry include: (1) "the knowledge that reasonably could have been acquired at the time the pleading was filed"; (2) "the type of claim and the difficulty of acquiring sufficient information"; (3) "which party has access to the relevant facts"; and (4) "the significance of the claim in the pleading as a whole." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990) (en banc) (internal quotations omitted).

B. <u>Rule 16</u>

Rule 16(f) states:

**Sanctions.**

(1) **In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or

(C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f). Rule 16(f) "applies to settlement conferences." *Chavarria v. Mgmt. & Training Corp.*, No. 16-cv-0617-H-RBB, 2016 WL 11621564, at *3 (S.D. Cal. Aug. 25, 2016).

Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). Rule 16(f) applies regardless of whether non-compliance with the court order was intentional or in bad faith. *Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D.

Cal. 1999); *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Rule 16 sanctions are discretionary. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (reviewing sanction for abuse of discretion); *Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, No. 12-cv-00054-GMN-PAL, 2012 WL 2244262, at *7 (D. Nev. June 15, 2012) ("Rule 16(f) gives the court broad discretion . . . ."). Sanctions should not be imposed if "the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f).

### III. TAIBI'S MISREPRESENTATIONS ARE SANCTIONABLE UNDER RULE 11

The Court finds Taibi's written motions and submissions seeking to continue and excuse Banks's appearance at the Court's ENEs contained false statements. The Court further finds Taibi made those false statements without conducting a reasonable and competent inquiry, and, therefore, Rule 11 sanctions are warranted.

A. *Taibi's Written Motions and Submissions Contained False Statements*

The Court finds Taibi made the following false statements in his written motions and submissions seeking to continue the December 8, 2020 and December 18, 2020 ENEs:

1. "Plaintiff was admitted Palomar Hospital [sic] on or about November 4, 2020 . . . due to an injury that he received while in the care of Villa Rancho Bernardo Rehab Center. The injury was a severe blow to the head. He is still under care for the injury and unable to attend the afore-referenced [sic] ENE."

Dkt. No. 8 ¶ 3.

2. "Plaintiff's counsel, Michael A. Taibi, received information on November 9, 2020 that Plaintiff, . . . . had been hospitalized to due [sic] a head injury from an attack that he suffered."

Dkt. No. 12 at 2.

3. "Plaintiff was admitted Palomar Hospital [sic] on or about November 4, 2020 . . . due to an injury that he received while in the care of Villa Rancho

>   Bernardo Rehab Center. The injury was a severe blow to the head. He is still under care for the injury and unable to attend the afore-referenced [sic] ENE."

Dkt. No. 13 ¶ 3.

>   4. "On December 3, 2020, Plaintiff's counsel received information indicating that the Plaintiff was still hospitalized and would not be able to attend the ENE scheduled for December 8, 2020 at 1:30 p.m."

Dkt. No. 19 ¶ 6.[3]

The record establishes that almost everything about these representations is false:

1. Banks was not "admitted to Palomar Hospital on or about November 4, 2020";[4]
2. Banks did not receive a severe blow to the head "while in the care of Villa Rancho Bernardo Rehab Center," or any other medical care facility;[5]

---

[3] Taibi's oral statements to the Court are not a basis for Rule 11 sanctions. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1130 (9th Cir. 2002) (Rule 11 does not authorize sanctions for discovery abuses or misstatements made to the court during an oral presentation); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 892 F.2d 802, 813 (9th Cir. 1989) (holding that misstatements made during oral argument cannot constitute sanctionable offenses under Rule 11); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment, subdivisions (b) and (c) ("The rule applies only to assertions contained in papers filed with or submitted to the court. It does not cover matters arising for the first time during oral presentations to the court, when counsel may make statements that would not be made if there had been more time for study and reflection.").

[4] On April 26, 2021, the Court ordered Taibi to submit Banks's medical records. Dkt. No. 30. Taibi submitted those medical records on June 4, 2021. Dkt. No. 33. The medical records show that, contrary to Taibi's representation that Banks was in "critical condition" due to an "attack" and a "severe blow to the head," Banks was evaluated at Pomerado Hospital on November 8, 2020 and returned to Villa Rancho Bernardo four hours later that same day because he "possibly and purposely slid off from the [wheelchair] to get the staff attention" to obtain the supervision necessary to smoke a cigarette. Dkt. No. 33-1 at 103.

[5] The day after the Banks's four-hour hospital evaluation, his sealed medical records show there was "[n]o injury noted. No bump to head noted upon palpitation." *Id.* Nothing in the

   3. Banks was not "still hospitalized on December 3, 2020 . . . and . . . not able to attend the ENE scheduled for December 8, 2020. . . .";[6] and

   4. Banks was not receiving care for any head injury on either December 3, 2020 or December 18, 2020.[7]

B.   *Taibi Did Not Conduct a Reasonable and Competent Inquiry*

Having found Taibi misrepresented multiple facts in his written submissions, the Court next evaluates whether to sanction these misrepresentations under Rule 11. In making this determination, the Court considers whether Taibi conducted a "reasonable and competent inquiry." *Estate of Blue,* 120 F.3d at 985; *see also Nguyen v. Simpson Strong-Tie Co., Inc.*, No. 19-cv-07901-TSH, 2020 WL 5232564, at *8 (N.D. Cal. Sept. 2, 2020) ("Rule 11 does not carry a bad-faith requirement and 'Counsel cannot avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head.'"). In making this determination, the Court examines Taibi's explanations for the written statements at issue.

Taibi offered the following explanations: (1) he knew the statements in his December 3, 2020 and December 17, 2020 declarations (i.e., that Banks could not attend the ENEs because he "was admitted Palomar Hospital [sic] on or about November 4, 2020 . . . due to an injury that he received while in the care of Villa Rancho Bernardo Rehab Center") were false, but they were typographical errors (Dkt. Nos. 52 ¶ 4 [Taibi Decl.], 54 at 11–13, 21–22 [3/3/2023 OSC Hr'g Tr.]); (2) he received inaccurate information from

---

medical records suggests any physical attack or blow to the head ever occurred. *Id.* at 14, 103–06.

[6] Except for his four-hour visit to Pomerado Hospital on November 8, 2020, nothing in the 219 pages of submitted sealed medical records suggests that Banks was ever transferred outside of Villa Rancho Bernardo's skilled nursing facility during his residency there from October 15, 2020 to January 15, 2021. Dkt. Nos. 33, 33-1.

[7] *See supra* notes 4–6.

10

third parties that Banks was hospitalized (Dkt. Nos. 52 at 5 [Taibi Decl.], 54 at 14 [3/3/2023 OSC Hr'g Tr.]); and (3) "hospitalized" is not necessarily a mischaracterization of an individual residing in a rehabilitation facility (Dkt. Nos. 52 at 5 [Taibi Decl.], 54 at 6–8 [3/3/2023 OSC Hr'g Tr.]).

None of these explanations credibly establish Taibi conducted a reasonable and competent inquiry into Banks's condition and availability to participate in the Court's ENEs.

First, the statements in Taibi's December 3, 2020 and December 17, 2020 ex parte motions plainly are not typographical errors. The dictionary definition (and common understanding) of a typographical error is "an error in printed or typewritten matter resulting from striking the improper key of a keyboard, from mechanical failure, or the like." DICTIONARY.COM, https://www.dictionary.com/browse/typographical-error (last accessed June 14, 2023). Nothing in the statements at issue is fairly construable as a typographical error. The Court also finds this explanation implausible because Taibi repeated this same representation two weeks later in his December 17, 2020 ex parte motion.

Taibi's second explanation (i.e., that he received inaccurate information from third parties) further undermines the "typographical error" explanation. William Carter, Taibi's ADA compliance expert, is the third-party source Taibi identifies in connection with this most recent OSC. *See* Dkt. No. 50. Carter declared he told Taibi that Banks could not participate in the ENE because Banks was hospitalized in critical condition. *Id.* at 3. If this were true, then Taibi's statements in his December 3, 2020 and December 17, 2020 ex parte motions accurately report what Carter told him and, therefore, were not typographical errors. Further, at the March 3, 2023 OSC hearing, Taibi admitted he knew Banks wasn't hospitalized when he made statements to the contrary in his December 3, 2020 and December 17, 2020 ex parte motions. Dkt. No. 54 at 11.

Taibi's claim that he relied on information provided by Carter is also inconsistent with Taibi's statements at the April 19, 2021 OSC hearing. At that time, Taibi identified

certain "couriers and friends" and family members as the third parties who informed him about Banks's condition. Dkt. No. 31 at 11 (4/19/2021 OSC Hr'g Tr.). Taibi did not identify Carter as one of those sources. *Id.*

Finally, the Court rejects Taibi's claim that the statements in his December 15, 2020 Supplemental Brief (Dkt. No. 12) and February 24, 2021 Declaration (Dkt. No. 19) (i.e., that Banks was "hospitalized to due [sic] a head injury" on November 9, 2020, and was "still hospitalized" as of December 3, 2020) were arguably truthful because "it could reasonably be understood by a lay person that someone [in a skilled nursing facility] is still 'hospitalized' . . . ." Dkt. No. 52 at 5. The dictionary definition and common understanding of "hospitalized," is "to place in a hospital for medical care or observation." DICTIONARY.COM, https://www.dictionary.com/browse/hospitalize (last accessed June 14, 2023). Consistent with this common understanding, in the next paragraph of his declaration, Taibi described his representation that Banks was "hospitalized" as a "mischaracterization" (i.e., because Banks was in a rehabilitation facility, not a hospital). Dkt. No. 52 at 5.

The distinction between "hospitalized" and "in a rehabilitation facility" is material to the Court. If Taibi had disclosed that Banks was in a rehabilitation facility (as opposed to "hospitalized"), then, as discussed below, rather than delay the ENE (which, under the Court's Local Rules, must take place within 45 days of the answer, *see* Civ. L.R. 16.1.c.1), the Court would have obtained Banks's remote participation in the ENE. But Taibi instead repeatedly (and falsely) led the Court to believe Banks was hospitalized and recovering from a severe injury, which representations the Court accepted until the medical records established otherwise.

In sum, the Court finds Taibi's explanations for his written motions and submissions to obtain continuances of and excuse Banks's appearances at those ENEs are internally inconsistent, implausible, and belied by the record. Taibi's explanations do not credibly establish he conducted a "reasonable inquiry" to ensure these written motions and

submissions were "well grounded in fact." *Islamic Shura Council of S. California*, 757 F.3d at 872. The Court, therefore, concludes Rule 11 sanctions are appropriate.

## IV. TAIBI'S FAILURE TO PRODUCE BANKS AT THE DECEMBER 18, 2020 ENE IS SANCTIONABLE UNDER RULE 16(f)

Judge Burns also ordered Taibi to show cause why sanctions shouldn't be imposed under Federal Rule of Civil Procedure 16(f) for his failure to produce Banks at the December 18 ENE via telephone or videoconference. Dkt. No. 45 at 4.

Taibi's Amended Declaration explained his "understanding was that Mr. Banks was not able to attend the ENE on December 18, 2020, and that he was not able to access other means by which to attend on that day and/or not physically and/or mentally able to do so, which was confirmed through Mr. Banks' testimony at the OSC." Dkt. No. 52 ¶13.

The Court rejects Taibi's claim that Banks couldn't participate in the ENE from the rehabilitation facility. The Court scheduled the ENEs remotely via the Zoom platform, which allows participation by videoconference or telephone. Dkt. Nos. 5, 7, 10. Banks's statements at the April 19, 2021 OSC hearing establish he could have participated in the ENEs remotely from the rehabilitation facility.

At the April 19, 2021 OSC hearing, Banks stated he was in indirect communication with Taibi on case-related matters from the rehabilitation facility. Dkt. No. 31 at 10 (4/19/2021 OSC Hr'g Tr.). Banks also confirmed he was telephonically discussing case-related matters with others from the rehabilitation facility. *Id.* at 13 ("But we would keep in contact by phone, you know, sometimes. And he [referring to his friend, Jerry Jackson] would let me know what was going on. And I had went through a couple of other cases that I informed him of, and I gave him details and stuff."). If Banks was discussing case-related matters with others from the rehabilitation facility, then he could have discussed his case with the Court remotely from the rehabilitation facility.

Confirming this, the Court asked Banks whether he could have participated in a telephonic conference from the rehabilitation facility and he responded affirmatively:

| | | |
|---|---|---|
| THE COURT: | | Mr. Banks, would you have been able to participate in a conference such as this by telephone from the facility back in December, January, and February? |
| MR. BANKS: | | Yeah, I would – I would talk to my friend about the situation, and he would relay everything. . . . |

*Id.* at 15.

Following this testimony, however, Banks backtracked upon prompting by Taibi:

| | | |
|---|---|---|
| MR. TAIBI: | | What the Court is asking you is whether or not you would have been able to attend via phone or Internet, like this, to these ENE conferences. |
| MR. BANKS: | | No, I wasn't exactly able but – |
| MR. TAIBI: | | I think, in Mr. Banks's condition, he wasn't really able to participate in an ENE. |
| | | I think his conversations with others was very limited too. It's not like he was talking to his friend very often. So– |
| THE COURT: | | What is – |
| MR. TAIBI: | | I don't believe you had internet service in the – in the facility. |
| MR. BANKS: | | No. And they wouldn't have allowed that. |
| THE COURT: | | I understand that video may have been difficult, but I'm asking about phone. |
| | | But what is it about your condition, Mr. Banks, that would have – that would – where you were being housed, that would have prohibited you from participating by phone? |
| MR. BANKS: | | I was – I was under strict care. . . . I couldn't, uh, do certain things. I wasn't able. |
| MR. TAIBI: | | You were on medication. |

*Id.* at 15–16.

The Court finds these subsequent coached denials unpersuasive and not credible. Banks confirmed that, while at the rehabilitation facility, he was conversing with third parties about case-related matters, and he was doing so telephonically. And, until Taibi intervened, Banks confirmed he could have participated in a telephonic conference from the rehabilitation facility. These statements establish Banks could have participated in the ENE remotely by telephone or videoconference. The Court, therefore, finds Taibi violated Rule 16(f) by failing to secure Banks's remote participation at the December 18, 2020 ENE.

## V. THE COURT RECOMMENDS SANCTIONING TAIBI $500 UNDER RULE 11 AND $500 UNDER RULE 16

The Court recommends sanctioning Taibi $500 under Rule 11 for the false statements identified above, and sanctioning Taibi $500 under Rule 16 for failing to produce Banks at the December 18, 2020 ENE. Although, after giving Taibi notice and a hearing, the Court now makes an additional express finding that Taibi misrepresented facts to the Court, these recommended sanctions reinstate the monetary sanction the Court originally imposed in its June 4, 2021 Order. Dkt. No. 32. The Court finds this is the minimum amount necessary to redress the serious conduct at issue here, especially considering Taibi's prior history of reprimands and sanctions in this district.[8] Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.").

## VI. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) sanctioning Taibi $500 under Rule 11 for misrepresenting facts in his written motions and submissions; and

---

[8] As detailed in its June 4, 2021 Order, this Court has sanctioned and reprimanded Taibi on numerous occasions. Dkt. No. 32 at 2–4.

(3) sanctioning Taibi $500 under Rule 16 for failing to produce Banks at the December 18, 2020 ENE.

**IT IS ORDERED** that no later than **June 28, 2023**, Taibi, or any party, may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." The failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: **June 14, 2023**

Honorable Daniel E. Butcher
United States Magistrate Judge